IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORIEN SMITH | : CIVIL ACTION |
| | : |
| v. | : |
| | : No. 07-3168 |
| COSMIC CONCEPTS, LTD, d/b/a | : |
| MEDIA STAR PROMOTIONS | : |

### ORDER-MEMORANDUM

AND NOW, this 12th day of December, 2007, the "Defendant's Motion to Dismiss Plaintiff's Complaint[1] for Improper Venue, or, Alternatively, to Transfer Venue" (docket no. 11) is granted. This action is transferred to the United States District Court for the District of Maryland, Northern Division. 28 U.S.C. § 1404(a).[2]

BY THE COURT:

_____
Edmund V. Ludwig, J.

---

[1] Jurisdiction is federal question. 28 U.S.C. § 1331. This is an employment discrimination case. Plaintiff Orien Smith's complaint alleges that she was subjected to unlawful sexual harassment and retaliation in violation of Title VII and the Pennsylvania Human Relations Act while employed by defendant for approximately eight months in 2005, and was ultimately terminated after complaining about her supervisor's inappropriate conduct. Complaint, 15, 17, 18, 20.

[2] Based upon a forum selection clause in a temporary employment contract executed by (cont.)

---

plaintiff in connection with her employment, defendant requests that the action be dismissed for improper venue, or transferred to the United States District Court for the District of Maryland, Northern Division.

In pertinent part, the clause states: "any dispute regarding this Agreement, the Temporary Employee's employment with Media Star of any other claim by or against Temporary Employee and/or Media Star shall be instituted in the Circuit Court for Baltimore County, Maryland, or the United States District Court for the District of Maryland, Northern Division, as may be appropriate." Plaintiff does not dispute signing the agreement, but does argue that it is unenforceable because of the unequal bargaining positions of the parties. Plaintiff's memorandum at 1-4. However, "[i]t is well established that the placement of a forum selection clause in a non-negotiated form contract does not render it unreasonable." Kahn v. American Heritage Life Ins. Co., 2006 WL 1879192, at *4 (E.D. Pa., filed June 29, 2006), citing Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991). The selection clause, therefore, is enforceable. Kahn, supra, citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). ("Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown to be unreasonable under the circumstances.")

Though dismissal pursuant to Rule 12(b)(6) is "a permissible means of enforcing [a] forum selection clause," Salovaara v. Jackson Nat'l. Life Ins. Co., 246 F.3d 280, 298 (3d Cir. 2001), here, both plaintiff and defendant urge transfer under 28 U.S.C. § 1404(a) instead. The forum selection clause itself provides evidence that the Maryland District Court is the parties' preference as to a convenient forum, an important consideration under § 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995). Defendants note that the witnesses and records relevant to this action are located in Maryland, and these factors, too, weigh in favor of transfer. Accordingly, the action will be transferred.